IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

KOREAN FIRST ASSEMBLY OF GOD,    *
INC.,    *
     *
   Plaintiff,    *
     *
   v.    *    CV 124-146
     *
     *
LIBERTY MUTUAL INSURANCE    *
COMPANY,    *
     *
   Defendant.

**O R D E R**

Before the Court is the Parties' joint motion to transfer venue to the United States District Court for the Northern District of Georgia, Atlanta Division ("Northern District"), pursuant to 28 U.S.C. § 1404. (Doc. 13.) For the reasons set forth herein, the joint motion to transfer venue is **GRANTED**.

## I. BACKGROUND

Plaintiff filed this breach of contract suit on July 25, 2024, in the Superior Court of Richmond County, Georgia. (Doc. 1-1, at 1.) Defendant subsequently removed the case on diversity grounds to this Court on August 27, 2024. (Doc. 1.) The Parties now move the Court to transfer this matter to the Northern District because venue is proper in the Northern District and it is the more convenient forum. (Doc. 13, at 1-2.)

## II. LEGAL STANDARD

"Venue is governed by the general venue statute, 28 U.S.C. § 1391, special venue statutes, and 28 U.S.C. §§ 1404 and 1406, which address improper venue and change of venue." Peterson v. Smith, No. CV 113-119, 2013 WL 12156416, at *2 (S.D. Ga. Dec. 9, 2013) (citation omitted). A party may request a venue change when: "(1) venue is improper, so a court must then dismiss or transfer the case under section 1406; or (2) venue is proper, but the court should apply section 1404 to transfer the case to another district on convenience grounds." Id. Here, the motion seeks transfer on convenience grounds, and the Parties do not dispute that venue is proper in the United States District Court for the Southern District of Georgia, Augusta Division ("Southern District"). Therefore, the present motion implicates section 1404.

Section 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Interpreting section 1404(a), courts in the Eleventh Circuit employ a two-prong inquiry. See Dial HD, Inc. v. Clearone Commc'ns, Inc., No. CV 109-100, 2010 WL 3732115, at *5 (S.D. Ga. Sept. 7, 2010) (citation omitted). "First, the alternative venue must be one in which the action could originally have been brought by the plaintiff. The

second prong requires courts to balance private and public factors to determine if transfer is justified." Id. (citation omitted). The private and public factors a district court must weigh under the second prong include:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted).

In determining whether transfer is proper, "[s]ection 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (citation and internal quotation marks omitted). Accordingly, district courts are "permitted a broad discretion in weighing the conflicting arguments as to venue." England v. ITT Thompson Indus., Inc., 856 F.2d 1518, 1520 (11th Cir. 1988) (citation omitted).

### III. DISCUSSION

The Court first considers whether the Northern District is a proper venue and then considers the public and private factors.

### A. Northern District as Proper Venue

The first prong of the inquiry is whether the case could have been filed in the Northern District. The question is not whether the Northern District is a better venue than the Southern District, but whether the Northern District was originally and remains a proper venue.[1] See 28 U.S.C. § 1404(a). Pursuant to 28 U.S.C. § 1391(b), "A civil action may be brought in [] a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."

> [A]n entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question.

28 U.S.C. § 1391(c)(2). Personal jurisdiction may be established through effective service within a judicial district. FED. R. CIV. P. 4(k). Depending on the facts of the case, venue may be proper in more than one district. Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371 (11th Cir. 2003).

---

[1] The Northern District has subject matter jurisdiction on diversity grounds and personal jurisdiction over the Parties for the reasons discussed herein. (See Doc. 1; Doc. 1-2.)

The Parties do not dispute that Plaintiff could have filed the present action in the Northern District. Moreover, Plaintiff's original summons was delivered to Defendant's registered agent at 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092, in the Northern District. (Doc. 1-3; Doc 1, at 9.) Because Defendant was served via registered agent in the Northern District, it is subject to personal jurisdiction in the Northern District thus making it a proper venue for the action to have been brought. For these reasons, the Court finds that Defendant "resides" in the Northern District for the purposes of establishing venue, satisfying the first prong of the analysis.

## B. Private and Public Factors

The second prong examines whether the public and private factors favor transfer. The Parties jointly represent that these factors weigh in favor of transfer. (Doc. 13, at 1-3.) Namely, the Parties contend transfer to the Northern District alleviates delays in prosecution caused by Plaintiff's counsel locating a sponsor to be admitted *pro hac vice* in the Southern District, minimizes the travel burdens and costs on the Parties, and minimizes the travel burdens and costs on the witnesses. (Id. at 2-3.) Further, the Parties jointly filed the motion to transfer, and when the plaintiff agrees to transfer, justifications for deferring to its original venue choice erode. See Houston v. Stuckey, No. 1:14-cv-191, 2014 WL 5365048, at *2 (S.D. Ga. Oct.

5

21, 2014). Therefore, the Court finds the factors weigh in favor of transfer and transfer is proper "to avoid unnecessary inconvenience . . . and to conserve time, energy and money." Gonzalez v. Pirelli Tire LLC, No. 07-80453-CIV, 2008 WL 516847, at *1 (S.D. Fla. Feb. 22, 2008) (citation omitted).

### IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that the Parties' joint motion to transfer venue (Doc. 13) is **GRANTED**. The Clerk is **DIRECTED** to **TRANSFER** this case to the Atlanta Division of the United States District Court for the Northern District of Georgia. Following transfer, the Clerk is further **DIRECTED** to **TERMINATE** all deadlines and motions, if any, and **CLOSE** this case before the Augusta Division of the United States District Court for the Southern District of Georgia.

**ORDER ENTERED** at Augusta, Georgia, this 9th day of October, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA